UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HRB GREEN RESOURCES LLC**
**(D/B/A H&R BLOCK),**
    **Plaintiff,**

vs.              CASE NO.: 6:18-cv-00478-PGB-TBS

**SHERYLN LEONARD**
    **Defendant.**
_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT

Defendant, Sherlyn Leonard ("Defendant"), by and through the undersigned attorney, hereby files this Answer, Affirmative Defenses, and Counterclaim to the Verified Amended Complaint for Injunctive Relief ("Plaintiff's Amended Complaint") filed by Plaintiff, HRB Green Resources LLC, on April 6, 2018 (Doc. 18), and as grounds, exposes, alleges, and solicits the following:

**Answer**

1. Defendant admits that HRB Green Resources LLC is a limited liability company. Defendant is without knowledge as to all other allegations contained in Paragraph 1 of the Amended Complaint, and therefore denies the same.

2. Defendant admits that she is a citizen of Florida, and domiciled in Orange County, but denies that all other allegations contained in paragraph 2 of the Plaintiff's Amended Complaint.

3. Defendant admits that there is complete diversity between the parties but denies all other allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant admits that Plaintiff keeps information confidential, but is without knowledge as to why such information is kept confidential, and therefore denies the remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant is without knowledge as to the allegations contained in Paragraphs 8 through 10 of the Amended Complaint, and therefore denies the same.

9. Defendant admits that she had confidential, proprietary, and trade secret information. Defendant is without knowledge to the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint, and therefore denies the same.

10. Defendant is without knowledge as to the allegations contained in Paragraphs 12 and 13 of Plaintiff's Amended Complaint, and therefore denies the same.

11. Defendant admits that she prepared returns for Plaintiff's customers, but denies all other allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

12. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

13. Defendant is without knowledge as to the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, and therefore denies the same.

14. Defendant is without knowledge as to the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, and therefore denies the same.

15. Defendant is without knowledge as to the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, and therefore denies the same.

16. Defendant is without knowledge as to the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint, and therefore denies the same.

17. Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

18. Defendant is without knowledge as to the allegations contained in Paragraph 21 and 22 of the Plaintiff's Amended Complaint, and therefore denies the same.

17. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

18. Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

19. Defendant admits to having the following confidential information: information regarding H&R Block's operations; strategic marketing and statistical data about H&R Block's performance in the Orlando (FL) District and elsewhere; pricing strategies; projections and forecasts; sales strategies; marketing strategies; growth strategies; efficient tax preparation programs; and quality assurance strategies. Defendant denies the other allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

20. Defendant is without knowledge as to the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore denies the same.

21. Defendant admits the allegations contained in Paragraphs 28 and 29 of Plaintiff's Amended Complaint.

22. Defendant admits that she sold her business to Plaintiff, including all of its clients. Defendant is without knowledge as to which clients Plaintiff is alleging were sold to it, and therefore denies the remaining allegations of paragraph 30 of Plaintiff's Amended Complaint.

23. Defendant admits the allegations contained in Paragraphs 31 through 33 of Plaintiff's Amended Complaint.

24. Defendant is without knowledge as to the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint, and therefore denies the same.

25. Defendant admits the allegations contained in Paragraph 35 through 41 of Plaintiff's Amended Complaint.

26. Defendant is without knowledge as to the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint, and therefore denies the same.

27. Defendant admits the allegations contained in Paragraph 43 and 44 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

29. Defendant is without knowledge as to the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint and therefore denies the same.

30. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

31. Defendant admits to publishing an internet website advertising her business, but denies the other allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

33. Defendant admits the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

34. Defendant denies the allegations contained in Paragraphs 52 and 53 of Plaintiff's Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

36. Defendant is without knowledge as to the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint, and therefore denies the same.

<u>Count I of Amended Complaint</u>

35. Defendant restates all of the responses contained in Paragraphs 1 through 34 of this Answer as if fully stated herein.

36. Defendant is without knowledge as to the allegations contained in Paragraphs 57 and 58 of the Plaintiff's Amended Complaint, and therefore denies the same.

37. Defendant denies the allegations contained in Paragraph 59 through 64 of Plaintiff's Amended Complaint.

Count II of the Amended Complaint

38. Defendant restates all of the responses contained in Paragraphs 1 through 34 of this Answer as if fully stated herein.

39. Defendant is without knowledge as to the allegations contained in Paragraphs 67 and 68 of Plaintiff's Amended Complaint and therefore denies the same.

40. Defendant denies the allegations contained in Paragraph 69 and 73 of Plaintiff's Amended Complaint.

Count III of the Amended Complaint

44. Defendant restates all of the responses contained in Paragraphs 1 through 34 of this Answer as if fully stated herein.

46. Defendant denies the allegations contained in Paragraph 75 though 79 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant requests that this honorable court deny Plaintiff the relief requested.

**Affirmative Defenses**

1. Unjust Enrichment

Defendant states as her first affirmative defense that Plaintiff should be barred from the receiving the relief sought because Plaintiff has been unjustly enriched. H&R Block promised to purchase Sherlyn Leonard's tax business for $220,000.00, and she never received the monies she was

promised. Instead, she received $100,000.00 she received $100,000.00, was hired to work for H&R Block, earn revenue for the company, and fired before she was able to receive the promised benefit of the earnings. Plaintiff received the benefit of the bargain but Defendant did not.

## 2. Unclean Hands

Defendant states as her second affirmative defense that Plaintiff should be barred from the receiving the relief sought because Plaintiff has been unjustly enriched. H&R Block promised to purchase Sherlyn Leonard's tax business for $220,000.00, and she never received the monies she was promised. Instead, she received $100,000.00, was hired to work for H&R Block, earn revenue for the company, and fired before she was able to receive the promised benefit of the earnings. Plaintiff forced Defendant to seek employment because it breached the agreement to pay her what the parties initially agreed to.

## 3. Failure of Consideration

Defendant states as her third affirmative defense that Plaintiff should be barred from the receiving the relief sought because Plaintiff failed to pay the full consideration that was promised for the transaction between the parties. H&R Block promised to purchase Sherlyn Leonard's tax business for $220,000.00, and she never received the monies she was promised. Instead, she received $100,000.00, was hired to work for H&R Block, earn revenue for the company, and fired before she was able to receive the promised benefit of the earnings. Plaintiff's failure to pay Defendant what it promised her should bar it from the relief it seeks herein.

## COUNTERCLAIM

Counter-Plaintiff, Sherlyn Leonard ("Counter-Plaintiff", by and through the undersigned attorney, hereby files this Counterclaim to Plaintiff's Complaint, and as grounds, exposes, alleges, and solicits the following:

### Introduction

1. This is an action for breach of contract and unjust enrichment

### Parties

2. Counter-Plaintiff is an individual a residing in Orange County, Florida.

3. Counter-Defendant, HRB Green Resources LLC ("Counter-Defendant HRB"), is a limited liability company formed under the laws of the state of Delaware.

4. Counter-Defendant HRB is also registered with the Florida Department of State, Division of Corporations to transact business in the state of Florida, as a foreign limited liability company, in compliance with section 605.0902, Florida Statutes.

5. Counter-Defendant, H&R Block Eastern Enterprises, Inc. ("Counter-Defendant H&R Block Eastern"), is a corporation formed under the laws of the state of Missouri.

6. Counter-Defendant H&R Block Eastern is also registered with the Florida Department of State, Division of Corporations to transact business in the state of Florida, as a foreign corporation, in compliance with section 605.503, Florida Statutes.

### Jurisdiction and Venue

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest, costs, and attorney's fees.

8. Venue is proper in this judicial district as pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida.

### **General/Factual Allegations**

9. Counter-Plaintiff has been in the tax preparation business for more than twenty years.

10. From 2003 until 2008, Counter-Plaintiff owned and operated All In One Financial Services, Inc.

11. From 2009 until 2011, Counter-Plaintiff owned and operated All In One Financial Services Inc.

12. In December of 2010, Counter-Plaintiff incorporated All In One Tax, Inc. (the "Franchise"), as a franchise of H&R Block, located at 1236 N. Pine Hills Road, Orlando, FL 32808, to begin operation on January 1, 2011.

13. Counter-Plaintiff continued ownership and operation of the Franchise until 2016.

14. In October of 2013, Counter-Plaintiff, along with several others, formed All In One Community Center Inc (the "Community Center"), a Non-Profit Organization geared towards rebuilding the community, one family at a time.

15. The Community Center, which is also located at 1236 N. Pine Hills Road, Orlando, FL 32808, began operation in January of 2014.

16. In March 2016 Counter-Plaintiff decided to sell the Franchise, as she intended to focus her efforts on the Community Center.

17. Pursuant to H&R Block's policy that Counter-Plaintiff provide it with the first right of refusal, Counter-Plaintiff gave H&R Block notice that she intended to sell the Franchise at a purchase price of $220,000.00.

18. Counter-Defendant H&R Block Eastern offered to purchase the Franchise at the full purchase price requested, offering Counter-Plaintiff a $100,000.00 initial payment and the remainder of the $220,000.00, in a variable payment, to be paid at the end of Tax Season 2017.

19. As the remaining purchase price (the "Variable Purchase Payment"), Counter-Defendant H&R Block Eastern promised to pay Counter-Plaintiff one hundred percent (100%) of all revenue generated by the Franchise, which was comprised of Counter-Plaintiff and all staff that became Counter Defendant HRB employees, through the purchase, less the initial $100,000.00 payment. It was understood by the parties that any revenue short of the $220,000.00 purchase price would be considered a loss to Counter-Plaintiff, and any revenue in excess of the $220,000.00 purchase price would be considered a bonus to Counter-Plaintiff.

20. In addition to selling Franchise, Counter-Plaintiff agreed to be employed by Counter-Defendant HRB for 2017 Tax Season.

21. As a "Variable Employment Payment", Counter-Defendant HRB agreed to pay Counter-Plaintiff thirty percent (30%) of all revenue that she personally generated during the 2017 Tax Season, less the hourly rate of pay she received throughout the season.

22. During the 2017 Tax Season, the Franchise submitted a total of five hundred and twenty-two tax returns (522) tax returns for Counter-Defendant HRB.

23. In January 2017, Counter-Plaintiff was suspended by Counter-Defendant HRB without an explanation as to why she was suspended.

24. During her suspension, Counter-Plaintiff received calls from several clients expressing concern because they had been informed by Counter-Defendant HRB employees that Counter-Plaintiff was under investigation for fraud.

25. On February 20, 2017, Counter-Plaintiff was terminated by H&R Block without an explanation from Counter-Defendant.

26. Counter-Plaintiff never received the Variable Purchase Payment for the revenue generated by the five hundred and twenty-two tax returns (522) submitted by the Franchise for H&R Block for the 2017 Tax Season.

27. Counter-Plaintiff never received the Variable Employment Payment for the revenue that she personally generated for H&R Block during the 2017 Tax Season.

<u>Count I: Breach of the Purchase Agreement</u>

<u>Failure to Pay Variable Purchase Payment</u>

28. Counter-Plaintiff realleges, restates, and adopts by reference, all allegations contained in paragraphs 1 through 27 of this Counterclaim.

29. Counter-Plaintiff and Counter-Defendant H&R Block Eastern entered into a valid and enforceable contract for the purchase of the Franchise.

30. Counter-Plaintiff performed under the terms of the contract.

31. Counter-Defendant H&R Block Eastern failed to pay Counter-Plaintiff the Variable Purchase Payment and has materially breached the agreement.

32. Counter-Plaintiff has suffered damages as a result of Counter-Defendant H&R Block Eastern's material breach.

WHEREFORE, Counter-Plaintiff prays for an order awarding damages, court costs, reasonable attorney's fees, expenses, and any other relief that the Court deems just and proper.

## Count II: Unjust Enrichment

## H&R Block Eastern

33. Counter-Plaintiff realleges, restates, and adopts by reference, all allegations contained in paragraphs 1 through 27 of this Counterclaim.

34. Counter-Plaintiff and Counter-Defendant H&R Block Eastern entered into a valid and enforceable contract for the purchase of the Franchise.

35. Counter-Plaintiff performed under the terms of the contract.

36. Counter-Defendant H&R Block Eastern failed to pay Counter-Plaintiff the Variable Purchase Payment and has materially breached the agreement.

37. Counter-Plaintiff has suffered monetary damages as a result of Counter-Defendant H&R Block Eastern's material breach.

38. Counter-Plaintiff sold the Franchise with the expectation that she would gain $220,000.00 from the sale.

39. Counter-Defendant H&R Block Eastern, as an affiliate of Counter-Defendant HRB, has benefited from the revenue generated by the five hundred twenty-two tax returns submitted by the Franchise during the 2017 Tax Season.

40. Counter-Defendant H&R Block Eastern has been unjustly enriched.

41. Counter-Plaintiff did not receive the benefit of the bargain.

WHEREFORE, Counter-Plaintiff prays for an order awarding damages, court costs, reasonable attorney's fees, expenses, and any other relief that the Court deems just and proper.

### Count III: Breach of Employment Agreement

### Termination Without Cause

42. Counter-Plaintiff realleges, restates, and adopts by reference, all allegations contained in paragraphs 1 through 27 of this Counterclaim.

43. Counter-Plaintiff and Counter-Defendant HRB entered into a valid and enforceable contract for employment.

44. Counter-Plaintiff performed under the terms of the contract.

45. Counter-Defendant HRB terminated Counter-Plaintiff's employment without cause, which is a material breach of the terms of the employment agreement.

46. Counter-Plaintiff has suffered monetary damages as a result of Counter-Defendant HRB's Block material breach.

WHEREFORE, Counter-Plaintiff prays for an order awarding damages, court costs, reasonable attorney's fees, expenses, and any other relief that the Court deems just and proper.

### Count IV: Breach of Employment Agreement

### Failure to Pay Variable Employment Payment

47. Counter-Plaintiff realleges, restates, and adopts by reference, all allegations contained in paragraphs 1 through 27 of this Counterclaim.

48. Counter-Plaintiff and Counter-Defendant HRB entered into a valid and enforceable contract for employment.

49. Counter-Plaintiff performed under the terms of the contract.

50. Counter-Defendant HRB failed to pay Counter-Plaintiff the Variable Employment Payment and has materially breached the agreement.

51. Counter-Plaintiff has suffered monetary damages as a result of Counter-Defendant HRB's material breach.

WHEREFORE, Counter-Plaintiff prays for an order awarding damages, court costs, reasonable attorney's fees, expenses, and any other relief that the Court deems just and proper.

        Respectfully submitted,
        The Law Office of Shannon N. Davis, P.A.

        _____
        Shannon N. Davis, Esq.
        Florida Bar No. 85817
        P.O. Box 770771
        Winter Garden, FL 34777
        Tel. (407) 458-9250
        Fax. (888) 745-0928
        E-mail: sndavis@sndavislaw.com
        Attorney for Defendant/Counter-Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court by using the CM/ECF system.

Dated this 22nd day of May 2018.

        The Law Office of Shannon N. Davis, P.A.

        _____
        Shannon N. Davis, Esq.
        Florida Bar No. 85817
        P.O. Box 770771
        Winter Garden, FL 34777
        Tel. (407) 458-9250
        Fax. (888) 745-0928
        E-mail: sndavis@sndavislaw.com
        Attorney for Defendant/Counter-Plaintiff