UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HRB GREEN RESOURCES LLC
(D/B/A H&R BLOCK),

                Plaintiff/Counter-Defendant,

                                      CASE NO.: 6:18-cv-00478-PGB-TBS

vs.

SHERLYN LEONARD,

                Defendant/Counter-Plaintiff.

_____/

**PERMANENT INJUNCTION ORDER**

      Plaintiff/Counter-Defendant HRB Green Resources LLC (d/b/a H&R Block) ("H&R Block") brought this action against Defendant/Counter-Plaintiff Sherlyn Leonard ("Leonard") and Leonard asserted various counter-claims. This matter comes before the Court on the Parties' request for issuance of a Permanent Injunction. With the consent and agreement of H&R Block and Leonard, the Parties have moved for entry of this Permanent Injunction Order and stipulate to the following findings:

**Background**

      1.      H&R Block is a tax preparation service company that has offices throughout the United States, including in Orlando, Florida.

      2.      In July 2016, Leonard sold her tax preparation business ("All in One Tax"), along with the business' client lists and customer goodwill, to H&R Block, and H&R Block subsequently employed her in its Orlando (FL) District as a tax professional.

      3.      As part of the transaction, Leonard entered into an Asset Purchase Agreement ("APA") and an Acquisition Tax Professional Employment Agreement ("Employment Agreement") with H&R Block. The APA contained, among other things, restrictive covenants

prohibiting Leonard from competing with H&R Block within a 50-mile radius of Orlando city limits, and from soliciting and servicing certain H&R Block clients, including the clients she sold to H&R Block, for a period of five years.   The Employment Agreement contained, among other things, restrictive covenants prohibiting Leonard from soliciting or servicing certain H&R Block company clients during the term of the agreement and for two-years after the termination of her employment with H&R Block for any reason.

4.    The restrictive covenants in the APA and the Employment Agreements are reasonably necessary to protect H&R Block's legitimate business interests and are enforceable under Florida and Missouri law.

5.    H&R Block brought the instant action and asserts that Leonard breached the restrictive covenants in the APA and Employment Agreement by engaging in competitive business activities adverse to H&R Block within the restricted 50-miles of the city limits of Orlando, and by soliciting and servicing H&R Block clients.

6.    Leonard filed a counter-claim against H&R Block and asserts that H&R Block failed to pay Leonard all sums due to her under the APA and the Employment Agreement, and wrongfully terminated Leonard's employment.

7.    H&R Block and Leonard have reached a confidential settlement agreement in this matter that the Parties agree is a valid, enforceable, and binding contract between them.  The settlement agreement further contemplates that the Court will enter this order, which has been agreed to by the parties in both form and substance.

8.    Based on the stipulated findings above, the Court finds that a permanent injunction is appropriate in this case.

**<u>Permanent Injunction</u>**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Leonard is hereby enjoined from directly or indirectly violating the provisions of her Asset Purchase Agreement ("APA") and Acquisition Tax Professional Employment Agreement ("Employment Agreement") that are attached to the Verified Complaint as Exhibits A and B.

2. For a period of five years from the date of entry of this order, Leonard, and all those acting in concert with her, are hereby enjoined from, within the city limits of Orlando, Florida, or within an area extending 50-miles in all directions from the city's limits, directly or indirectly (whether as owner, director, stockholder, employee, officer, agent, broker, dealer, lessee, representative or in any other capacity), (a) engaging in the preparation of tax returns or the performance of related services such as are performed by H&R Block or its subsidiaries, affiliates, or franchisees, including filing tax returns electronically, (b) assisting in a tax return preparation business, or (c) acting as an agent for or advisor or consultant to any person, firm, partnership, association, corporation, or business organization, entity, or enterprise that is about to become directly or indirectly engaged in a tax return preparation business.

3. For a period of five years from the date of entry of this order, Leonard, and all those acting in concert with her, are hereby enjoined from directly or indirectly soliciting, diverting, or taking away any of the customers listed in Schedule 3.1(C) of the APA, or preparing an income tax return or providing bookkeeping services to such customers.

4.  For a period of five years from the date of entry of this order, Leonard, and all those acting in concert with her, are hereby enjoined from (a) the use of the name "All in One" or "All in 1" in connection with any business that provides preparation of tax returns and/or related services in the restricted territory; and (b) leasing property, including the 1236 Pine Hills Road, Orlando, Florida location, to any business that competes with H&R Block (or its affiliates) in providing tax return preparation and/or related services in the restricted territory.

5.  For a period of five years from the date of entry of this order, Leonard shall (a) remove, block, or cover, and keep removed, blocked, or covered, the "All in 1 Financial" sign at the 1236 Pine Hills Road, Orlando, Florida location; (b) terminate, and keep terminated, the All in 1 Financial Solutions website (including termination of allin1tax.com or any other similar domain); and (c) delete, and keep deleted, the LinkedIn profile reference to Leonard's association with AB2DAC Tax.

6.  For a period of two years from the date of entry of this order, Leonard, and all those acting in concert with her , are hereby enjoined from directly or indirectly providing any of the following services to any of H&R Block's "Company Clients," as defined in her Employment Agreement: (i) preparing tax returns, (ii) filing tax returns electronically, or (iii) providing bookkeeping or any other alternative or additional service that H&R Block provides.

7.  For a period of two years from the date of entry of this Award, Leonard, and all those acting in concert with her, are hereby enjoined from directly or indirectly contacting or soliciting H&R Block's "Company Clients," as defined in her

Employment Agreement, for the purposes of providing any of the following services: (i) preparing tax returns, (ii) filing tax returns electronically, or (iii) providing bookkeeping or any other alternative or additional service that H&R Block provides.

8. Leonard, and all those acting in concert with her, are hereby enjoined from directly or indirectly using or disclosing H&R Block's confidential or proprietary information or any trade secrets of H&R Block, including client names and data.

9. Leonard, and all those acting in concert with her, are hereby ordered to return any property belonging to H&R Block, including client lists, client data, company documents, electronic files, computer hardware or software, confidential or proprietary information of H&R Block or regarding H&R Block's customers or business relationships, and any copies thereof.

10. Notwithstanding the above, the following activities by Leonard will not constitute a violation of this order: (a) providing tax return preparation or related services at 1600 West Eugallie Boulevard, Melbourne, Florida 32935, so long as such services are not provided to H&R Block Company Clients (as defined in the Employment Agreement) or any individuals or entities listed on Schedule 3.1(C) of the APA; and (b) providing tax return preparation or related services to any of the following "Family and Friends" of Leonard: Sherlyn Leonard, Denise Aponte, Feleia Tony, John Tony, Alonzo Storr, Eddie Long, Junior Rodney, Mary Blackwood, Debra Parker, Sammie Poe, George Slaughter, Climmie Tarlbert, Lakrisha Billingslea, Yolanda Tarlbert, Amos Christian, Christopher Rodney, Adrian Hamilton, Amelia Moore, Sharahzoid Rodney, Hesseltine Rodney, Whitney Thomas, Courtney

Delices, All in One Community Center, All in One Caring Services, and All in 1 Financial Solutions.

11. The $25,000 injunction bond issued by H&R Block in connection with the Court's preliminary injunction order is hereby fully released.

12. The counter-claims asserted by Leonard against H&R Block in the case are dismissed, with prejudice, with each party to bear its own attorneys' fees and costs associated with the counter-claims.

13. The Court shall retain jurisdiction of this matter for the purposes of enforcing this order.

14. The Clerk of Court is directed to close the case.

DONE AND ORDERED in Orlando, Florida on December 5, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record